UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA WATKINS, and<br>JOHNNY WATKINS, | §<br>§<br>§ | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:11-cv-2106 |
| | §<br>§ | |
| VS. | §<br>§ | |
| GENERAL MOTORS LLC, a Delaware<br>limited liability company; MAC HAIK<br>CHEVROLET, LTD., a Texas limited<br>partnership, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Virginia Watkins and Johnny Watkins, by and through their undersigned attorneys, file this memorandum in support of the motion to remand this case to the state court from which it was removed by Defendant General Motors LLC ("GM") pursuant to 28 U.S.C. § 1447(c) and S.D. Tex. Local Rule 7.1.

# I. TABLE OF CONTENTS

I.    Table of Contents                                                                           2

II.   Table of Citations                                                                        3-4

III.  Short Statement of Nature and Stage of Proceeding                         5

IV.   Statement of Issues                                                                       6

V.    Summary of Argument                                                                   7

VI.   Argument                                                                               8-22

     a.  Relevant Case Law                                                         8-10

     b.  Plaintiffs have asserted valid claims against Mac Haik based on its knowledge of the injury-producing defects.                    10-18

     c.  Plaintiffs have stated claims against Mac Haik because it is subject to the Texas Occupations Code.                                        18-20

     d.  Plaintiffs have alleged claims against Mac Haik based on its being a manufacturer of the Tahoe.                                            20-21

     e.  Plaintiffs have asserted a valid claim for negligence against Mac Haik.  21-22

VII.  Conclusion                                                                            22-23

## II. TABLE OF CITATIONS

### A. CASES

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)     9

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).     9

*Brewer v. Porsche Cars North Am., Inc.*, No. 3:04-CV-2343-M, 2005 WL 292417, (N.D. Tex. Feb. 7, 2005)     14

*Burden v. General Dynamics*, 60 F.3d 213, 216 (5th Cir. 1995)     9

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)     6, 8

*Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir. 1992)     6, 9

*Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)     8

*Engelbecht v. DaimlerChrysler Corp.*, Civil Action No. G-06-CV-800, 2007 WL 1040886 (S.D. Tex. Apr. 2, 2007)     14

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999).     13

*Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).     19

*Hazelton v. Union Pacific Railroad Co.*, 497 F.Supp.2d 800, 802 (W.D.La. 2007)     8-9

*Mawer v. DaimlerChrysler Corp.*, Civil Action No. C-06-154, 2006 WL 2405030 (S.D. Tex. Aug. 10, 2006)     14-17

*McKee v. Kansas City Southern Railroad Co.*, 358 F.3d 329, 337 (5th Cir. 2004)     9

*McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex. 1967)     14

*O'Hara v. General Motors Corp.*, 508 F.3d 753 (5th Cir. 2007)     13

*Rape v. Medtronic, Inc.*, No. 9:04-CV-225, 2005 WL 1189826, (E.D. Tex. May 19, 2005)     14

*Reynolds v. Ford Motor Co.*, No. Civ.A.5:04CV085-C, 2004 WL 2870079, (N.D. Tex. Dec. 13, 2004)     15

*Proctor & Gamble Manufacturing Co. v. Langley*, 422 S.W.2d 773 (Tex.Civ.App. Dallas 1967, writ dism'd)     14

*Salazar v. Merck & Co.*, No. Civ. A. 05-445, 2005 WL 2875332, (S.D. Tex. Nov. 2, 2005)     14

*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941)     8

*Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2005) (en banc)     6, 8-10

*Texas Processed Plastics, Inc. v. Gray Enterprises, Inc.*, 592 S.W.2d 412, 415 (Tex.Civ.App., 1979)     13-14

*Travis v Irby*, 326 F. 3d 644 (5th Cir. 2003)     9

*Webb ex rel. Groth v. City of Leland, Mississippi*, 2004 WL 3092767, (N.D.Miss. 2004) 8

## B. STATUTES, RULES & OTHER AUTHORITIES

| | |
|---|---:|
| 28 U.S.C. § 1447(c) | 1, 7 |
| Federal Motor Vehicle Safety Standard 205 | 12 |
| FED. R. CIV. P. RULE 12(b)(6) | 8, 13 |
| S.D. Tex. Local Rule 7.1 | 1 |
| TEX. CIV. PRAC. & REM. CODE § 82.001 | 19, 20 |
| TEX. CIV. PRAC. & REM. CODE § 82.002 | 19 |
| TEX. CIV. PRAC. & REM. CODE § 82.003 | 6, 13-15, 18-19, 21 |
| TEX. OCCUPATIONS CODE § 2301 | 7, 18-19, 22 |
| TEX. OCCUPATIONS CODE § 2301.461 | 18-19 |
| TEX. TRANSP. CODE ANN. § 547.608 | 10-11 |

### III.    SHORT STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

On April 27, 2011, Plaintiffs, Virginia Watkins and Johnny Watkins (the "Plaintiffs"), sued GM, a foreign corporation, along with the dealership that sold the vehicle, non-diverse Defendant Mac Haik Chevrolet Ltd. (referred to as "Mac Haik"), alleging both negligence and products liability claims filed in the District Court of Harris County, Texas.  On June 6, 2011, GM answered the complaint, and on June 7, 2011, removed the case to this Court on the basis of diversity removal jurisdiction.  GM, invoking the doctrine of improper joinder, contends that the citizenship of the non-diverse Defendant Mac Haik should be disregarded.

## IV. STATEMENT OF ISSUES

Whether GM improperly removed this case because there is not complete diversity with Plaintiffs being citizens of Texas and Defendant Mac Haik having corporate citizenship in Texas. As the removing party, GM has a heavy burden to prove fraudulent joinder of the non-diverse defendant, Mac Haik. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2005) (en banc). All disputed questions of fact and all ambiguities in the controlling state law must be resolved in Plaintiffs' favor; and if Plaintiff has any possibility of recovering against Mac Haik, the Court must remand the case. *See Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### V. SUMMARY OF THE ARGUMENT

This case arises from a rollover of a 2002 Chevrolet Tahoe which severely injured Virginia Watkins. Plaintiffs sued GM, a foreign corporation, along with the dealership that sold the vehicle onto the market, Mac Haik, alleging both negligence and products liability claims. GM removed the case to this Court on the basis of diversity removal jurisdiction asserting that Plaintiffs improperly joined Defendant Mac Haik and thus its citizenship should be disregarded.

However, GM has failed to meet its heavy burden to show improper joinder. Plaintiffs have asserted valid and viable claims of strict liability and negligence against Mac Haik. GM is unable to show Plaintiffs cannot recover against Mac Haik. Plaintiffs have properly pled exceptions to seller non-liability under Texas law, which is sufficient to defeat a claim of improper joinder. Non-manufacturer liability protection does not apply where Mac Haik (1) knew of the injury-producing defects alleged in the 2002 Tahoe, (2) is a franchised dealer of automobiles and subject to TEX. OCCUPATIONS CODE, Chapter 2301 [TEX. CIV. PRAC. & REM. CODE § 82.003(b)], and (3) where it is alleged that it is a manufacturer through assembling vehicles. Additionally, GM has failed to identify or prove any discrete, undisputed facts which negate those exceptions. As such, Mac Haik is a proper party, and as a Texas citizen, there is not complete diversity. The Court therefore must remand the matter to state court.

# VI. ARGUMENT

## A. RELEVANT CASE LAW

"Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists." *Hazelton v. Union Pacific Railroad Co.*, 497 F.Supp.2d 800, 802 (W.D.La. 2007) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Webb ex rel. Groth v. City of Leland, Mississippi*, 2004 WL 3092767, 1 (N.D.Miss. 2004)). "The Fifth Circuit has held that the removal statutes are to be construed 'strictly against removal and for remand.'" *Id.* at 802; *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). As the party seeking removal, GM bears the heavy burden of proving the improper joinder of Mac Haik. *Smallwood*, 385 F.3d at 574. The court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim but looks only for a possibility that the plaintiff might do so. *Id.* at 573.

Improper joinder can be proven by demonstrating either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* GM alleges Plaintiffs fraudulently joined the dealership to avoid diversity jurisdiction. "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one, and unless it is clear that the non-diverse defendants have been fraudulently joined, the case should be remanded to

the state court from which it was removed." *Hazelton*, 497 F.Supp.2d at 802 (citing *McKee v. Kansas City Southern Railroad Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). "In evaluating fraudulent joinder claims, [courts] ... must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. [Courts] ... are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned." *Id.* (citing *Dodson*, 951 F.2d 40 (5th Cir. 1992); *Burden v. General Dynamics*, 60 F.3d 213, 216 (5th Cir. 1995)). "The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.* at 202-203 (citing *Smallwood*, 385 F.3d at 573). Therefore, a defendant may establish improper joinder by demonstrating that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir.2003)).

A court may resolve the question of improper joinder in one of two ways. Courts typically will conduct a "Rule 12(b)(6)-type" analysis, looking at the allegations of the complaint to determine whether they state a claim against the in-state defendant. *Smallwood*, at 573. ("Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Under Rule 12(b)(6), "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

9

Sometimes, however, a court will encounter a case in which a plaintiff is alleged to have misstated or omitted certain discrete facts that would determine the propriety of joinder. In these cases, which are "hopefully few in number," a district court may, at its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, at 573. A summary inquiry is only appropriate to identify the presence of "discrete and undisputed facts" that would preclude the plaintiff's recovery against the in-state defendant. *Id.*, at 573-574.

**B. PLAINTIFFS HAVE ASSERTED VALID CLAIMS AGAINST MAC HAIK BASED ON ITS KNOWLEDGE OF THE INJURY-PRODUCING DEFECTS.**

The defects in the 2002 Tahoe alleged by Plaintiffs include:

(a)    The 2002 Tahoe's Restraint System (defined herein to include the seat belts, all airbags, door, window frame and window system) failed to properly restrain Plaintiff Virginia Watkins in a foreseeable accident sequence;

(b)    Defendant GM failed to incorporate into the 2002 Tahoe technologically feasible and available restraint systems and components thereof, including but not limited to side airbags and side curtain airbags, including rollover activated side airbags and side curtain airbags, to help prevent occupant injury and/or ejection in foreseeable accident sequences;

(c)    The 2002 Tahoe's Side Window System (defined herein to include the glazing, the window frame, the door surrounding the window opening and the outside rear view mirrors) failed to prevent the partial ejection of Plaintiff Virginia Watkins during a foreseeable accident sequence due to the following defects, among others:

   (i)    said Side Window System was designed, manufactured and distributed with unframed and/or improperly framed tempered glass which shattered and broke during a foreseeable accident, creating a portal for ejection;

10

(ii)    the window frame of the door was not strong enough for the selected glazing;

(iii)    the outside rear view mirrors were defectively designed and positioned so that they would break the window glass in a foreseeable accident;

(iv)    said Side Window System failed to minimize the possibility of occupant ejection; and

(v)    said Side Window System failed to comply with Federal Motor Vehicle Safety Standard 205, in that it failed to minimize the possibility of occupant ejection.

(d)    Defendant GM failed to equip the 2002 Tahoe with an economically and technologically feasible and available Side Window System, including but not limited to a system utilizing properly framed laminated glass, a door which would provide a stronger frame for the side window, a different side view mirror design and/or a sacrificial window which the side mirror could have broken without compromising the safety of the vehicle occupants;

(e)    Defendant GM failed to meet the standards of Tex. Transp. Code Ann. Section 547-608 in the design and manufacture of the 2002 Tahoe;

(f)    The 2002 Tahoe's handling system was unreasonably dangerous to a consumer operating the vehicle under reasonably foreseeable driving conditions and accident sequences;

(g)    Defendant GM did not design and/or manufacture the 2002 Tahoe to be reasonably crashworthy in foreseeable accident sequences; and

(h)    Both prior to and subsequent to the sale of the 2002 Tahoe, Defendant GM failed to give adequate and proper warnings and instructions regarding the dangers and other defects of the vehicle.

Plaintiffs' Original Petition ¶ 6.3.

Plaintiffs aver that Mac Haik "knew of the defects in the 2002 Tahoe, as listed above, at the time Mac Haik supplied the product…" which caused Mrs. Watkins' injuries. Plaintiffs' Original Petition ¶¶ 10.4, 10.5. Plaintiffs have adequately pled that Mac Haik knew of these defects at the time of the sale of the vehicle.

Specifically, Plaintiffs contend that Mac Haik had knowledge of the defects in the Tahoe, for example the tempered glass defect in the 2002 Tahoe, at the time it sold the vehicle. In Texas, there is a glass statute requirement enumerated in TEX. TRANSP. CODE ANN. § 547.608(a), which states:

> [A] person who sells or registers a new passenger-type motor vehicle, including a passenger bus and school bus, shall equip the vehicle doors, windows, and windshield with safety glazing material of a type approved by the department.

TEX. TRANSP. CODE ANN. § 547.608(e) requires dealers to label the vehicle with imperfect safety glass "second" or "imperfect", orally and by written notice to notify the customer of the imperfect glass:

> A person who sells imperfect safety glass for a door, window, or windshield of a motor vehicle shall:
> (1) label the glass "second," "imperfect," or by a similar term in red letters at least one inch in size to indicate to the consumer the quality of the glass;
> (2) orally notify the consumer of each imperfection and the possible result of using imperfect glass; and
> (3) deliver written notice at the time of purchase notifying the consumer of each imperfection and the possible result of using imperfect glass.

Mac Haik cannot sell glass that is not considered safety glass, unless it labels the glass accordingly, and gives both oral and written notice to the customer. Thus, Mac Haik, as a dealer, is required by law to provide appropriate glass and warn purchasers of glass which may be imperfect.

GM may claim that the defective glass allegation is preempted by federal law since it complied with the Federal Motor Vehicle Safety Standards ("FMVSS") in its selection of glass for this vehicle. *See* GM's Answer, page 10. However, the Fifth Circuit has already ruled that a state law claim of defective glass is not preempted by federal law and the FMVSS. *O'Hara v. General Motors Corp.*, 508 F.3d 753 (5th Cir. 2007). In *O'Hara*, a child was permitted to be partially ejected in a 2004 Tahoe due to use of the tempered glass in the side windows which plaintiffs alleged was defective. GM claimed that the plaintiff was preempted from a state law claim on the tempered glass by federal law, but the Fifth Circuit decided otherwise, saying, "Because the text and commentary on FMVSS 205 show that it is best understood as a minimum safety standard, we hold that the O'Haras' common law negligence and strict liability claims are not preempted." *O'Hara*, 508 F.3d at 763. Accordingly any assertion by GM that Plaintiffs' claims based on defective glass are preempted, and thus no valid claim against the dealership exists, must fail.

GM may also assert that because Mac Haik did not sell the Tahoe directly to Plaintiff, then it cannot be liable to Plaintiffs. This argument fails because Mac Haik's selling this 2002 Tahoe, and thus being within the chain of distribution of the defective product, is enough to trigger liability, for there is no privity defense to a products liability claim in Texas. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). Even if the seller is not in the manufacturer's "chain of distribution" and did not sell the particular product claimed to have harmed the plaintiff, it can still be liable. *Id.* at 865. "It is well established in Texas that privity of contract is not required

13

when a cause of action is based upon principles of strict liability in tort." *Texas*

*Processed Plastics, Inc. v. Gray Enterprises, Inc.*, 592 S.W.2d 412, 415 (Tex.Civ.App.,

1979) (citing *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex. 1967); *Proctor &*

*Gamble Manufacturing Co. v. Langley*, 422 S.W.2d 773 (Tex.Civ.App. Dallas 1967, writ

dism'd)).

Plaintiffs' averments clearly satisfy the exception to non-liability found in §

82.003(a)(6) and survive the FED. R. CIV. P. RULE 12(b)(6) analysis that can defeat a

claim of improper joinder. *Salazar v. Merck & Co.*, No. Civ. A. 05-445, 2005 WL

2875332, at *2-3 (S.D. Tex. Nov. 2, 2005); *see also Engelbecht v. DaimlerChrysler*

*Corp.*, Civil Action No. G-06-CV-800, 2007 WL 1040886 (S.D. Tex. Apr. 2, 2007) ("If

Plaintiff can ultimately prove that Archer knew about the defect at the time the vehicle

was purchased, he can recover against Archer under the exception in [TEX. CIV. PRAC. &

REM. CODE] § 82.003(a)(6) . . . This possibility is enough to defeat DaimlerChrysler's

removal."); *Mawer v. DaimlerChrysler Corp.*, Civil Action No. C-06-154, 2006 WL

2405030 (S.D. Tex. Aug. 10, 2006) ("because DaimlerChrysler only provided a single,

conclusory affidavit, the Court finds that it has failed to show [the dealership's]

knowledge of the defect at the time the Jeep was sold is a discrete and undisputed fact");

*Rape v. Medtronic, Inc.*, No. 9:04-CV-225, 2005 WL 1189826, at *3 (E.D. Tex. May 19,

2005) ("Although the complaint does not specifically cite the statute, TEX. CIV. PRAC. &

REM. CODE § 82.003, Medtronic has failed to show that the allegations contained in the

complaint fail to state a claim under Texas product liability law. . . . Pursuant to [TEX.

CIV. PRAC. & REM. CODE] § 82.003[a](6), for example, a seller that did not manufacture

the product may be liable if the seller knew of a defect to the product when the seller supplied the product and harm resulted to the claimant."); *Brewer v. Porsche Cars North Am., Inc.*, No. 3:04-CV-2343-M, 2005 WL 292417, at *2 (N.D. Tex. Feb. 7, 2005) ("Plaintiffs plainly allege that both Defendants possessed actual knowledge of a defect in the Porsche 911 at the time such vehicles were leased to Plaintiffs, and that the defect is the cause of their damages. Consequently, the facts pled in Plaintiffs' Petition satisfy the exception to a sellers' immunity found in § 82.003(a)(6)."); *Reynolds v. Ford Motor Co.*, No. Civ.A.5:04CV085-C, 2004 WL 2870079, at *3 (N.D. Tex. Dec. 13, 2004) ("The language of section 82.003 clearly requires actual knowledge of the defect on the part of the seller . . . . However, a plaintiff's pleading that a dealership "knew" or had "full knowledge" of the alleged defect at the time of the sale is sufficient when viewed in a light most favorable to the plaintiff.")

GM does not dispute Mac Haik's knowledge of the defect, nor does it submit evidentiary support for its removal based on fraudulent joinder. GM must prove it has properly removed this action, but cannot prove removal is proper under these circumstances. GM certainly has not proven that Mac Haik was fraudulently joined and that there is no possibility that the Plaintiffs will recover against Mac Haik. In order for GM to meet its "heavy burden" to negate Mac Haik's knowledge of the defects, GM must submit evidence, but did not. In addition, GM fails to even address Plaintiffs' negligence claims against Mac Haik. *See* Plaintiffs' Original Petition ¶¶ 10.1-10.4.

This matter is akin to the *Mawer* matter where a car manufacturer failed to create subject matter jurisdiction through claiming a local dealership is not a proper party. *See Mawer*, Civil Action No. C-06-154, 2006 WL 2405030 (S.D. Tex. Aug. 10, 2006). In *Mawer*, the plaintiff sued a car manufacturer, DaimlerChrysler Corp., and a dealership for an allegedly defective seat belt in a 2002 Jeep Wrangler. *Id.* at *1. The matter was removed to the U.S. District Court for the Southern District of Texas by DaimlerChrysler, claiming the Court had subject matter jurisdiction over the parties because the dealership was not a proper party, just as GM has done in the case at bar. *Id.* The plaintiff and the dealership in *Mawer* were both Texas citizens, just as the Plaintiffs and Mac Haik are. *Id.*

DaimlerChrysler argued to the Court in *Mawer* that the dealership was not a proper party because non-manufacturing sellers of goods were protected from liability for harm caused by the products they sell under TEX. CIV. PRAC. & REM. CODE § 82.003. *Id.* The Court in *Mawer* noted that this protection was limited through exceptions, such as if the seller knew of the defects at the time of the sale. TEX. CIV. PRAC. & REM. CODE § 82.003(6)(A); *Id.* Plaintiff in *Mawer* argued, as Plaintiffs do here, that the dealership can be held liable because it had knowledge of the alleged defect at the time the vehicle was sold. *Id.* DaimlerChrysler argued that the dealership lacked such knowledge and attempted to prove this by submitting affidavit proof from the dealership's manager, who swore that the dealership did not have knowledge of the defect. *Id.* at *2. The Court decided the testimony was unpersuasive because the manager (1) failed to clarify how he reached the conclusion of lack of knowledge; (2) failed to describe his special position to

16

know what the dealership knew; and (3) failed to represent that he spoke with all or any of the officers and directors of the dealership. *Id.* The Court was equally persuaded DaimlerChrysler failed its burden of proof by not offering any other evidence in support of its contention that the dealership did not know of the defect. The Court noted that DaimlerChrysler (1) could have presented the Court with a service department employee affidavit; (2) could have presented the Court with an officer affidavit testifying whether it had been sued prior to the current suit or whether the managers had met regarding the seat belt defect; or finally (3) could have put forth its own representative to testify regarding "any service notices or recall notices" or any sales conferences hosted regarding the alleged defect during the relevant time period. *Id.* Because the manufacturer submitted only an unpersuasive conclusory affidavit, it "failed to show that Pagan-Lewis' [the dealer's] knowledge of the defect at the time the Jeep was sold is a discrete and undisputed fact." *Id.* Thus, examining the complaint, the Court determined that it "cannot find that there is no possibility that [plaintiff] will be able to recover against" the dealership. *Id.* The "knowledge of the defect" exception allowed plaintiff to pursue a case against the dealership, and the Court found the dealership was a proper party. As such, diversity was not complete between the parties, and the case was remanded to state court. *Id.*

The same is true here. Plaintiffs and Mac Haik are citizens of Texas, and therefore there is not complete diversity. Plaintiffs can pursue their claims against Mac Haik just as the plaintiff in *Mawer* pursued his claims against a dealership. Plaintiffs here have an even stronger case for remand because GM did not submit proof that Mac Haik lacked

the knowledge of the defects.  In short, GM fails to contest the dealership's knowledge of the defects alleged with any proof whatsoever.  Mere allegations of lack of knowledge are not sufficient to meet its burden.  As such, Mac Haik is a proper party, and complete diversity does not exist in this matter.

Plaintiffs also contend that it is improper to "pierce the pleadings" under the circumstances of this case.  *Id.*  Even if the Court were inclined to look beyond the pleadings, GM has failed to show that Mac Haik's knowledge is a discrete and undisputed fact.  Thus, under either test, GM has failed to meet its burden to show improper joinder.

## C. PLAINTIFFS HAVE STATED CLAIMS AGAINST MAC HAIK BECAUSE IT IS SUBJECT TO THE TEXAS OCCUPATIONS CODE.

Plaintiffs aver that since Mac Haik is "a franchise automobile dealer which sold the defective vehicle in question, liability in this product liability action is governed by TEX. OCCUPATIONS CODE § 2301.461 (rather than TEX. CIV. PRAC. & REM. CODE § 82.003(b)[)]."  Plaintiffs' Original Petition ¶ 9.3.

Section 82.003(b) provides that § 82.003 does not apply to a franchised car dealer:

This section does not apply to a manufacturer or seller whose liability in a products liability action is governed by Chapter 2301, Occupations Code. In the event of a conflict, Chapter 2301, Occupations Code, prevails over this section.

In other words, a franchised motor vehicle dealer, like Mac Haik, can still be sued in a product liability case even if its only involvement is the sale of a defective car.

18

In comparison, Chapter 2301 of the Texas Occupations Code governs the liability in a products liability action of manufacturers and sellers of motor vehicles when the seller is a franchised dealer:

(a) Notwithstanding the terms of any franchise or any other law, a franchised dealer's preparation, delivery, and warranty obligations as filed with the board are the dealer's sole responsibility for product liability as between the dealer and a manufacturer or distributor.

(b) Notwithstanding the terms of any franchise or any other law, a manufacturer or distributor shall reimburse the dealer for any loss incurred by the dealer, including legal fees, court costs, and damages, as a result of the dealer having been named a party in a product liability action, except for a loss caused by the dealer's:

(1) failure to comply with an obligation described by Subsection (a);
(2) negligence or intentional misconduct; or
(3) modification of a product without the authorization of the manufacturer or distributor.

TEX. OCCUPATIONS CODE § 2301.461. Accordingly, to defeat application of Occupations Code Chapter 2301 (which renders TEX. CIV. PRAC. & REM. CODE § 82.003(a) inapplicable), GM would have to establish as a discrete and undisputed fact that Mac Haik is not a franchised dealership. GM has failed to assert or provide any evidence to support such a claim.

GM has been unable to establish that Mac Haik is not a franchised dealership. Together, TEX. CIV. PRAC. & REM. CODE § 82.003 and Chapter 2301 recognize that franchised auto dealerships operate under agreements detailing the respective rights of the car makers and their franchisees, who enjoy greater indemnity rights than those afforded to other sellers under Chapter 82. See TEX. OCCUPATIONS CODE § 2301.461.

The language and intent of TEX. CIV. PRAC. & REM. CODE § 82.003(b) is to leave those rights undisturbed. To the extent the law may be ambiguous, that ambiguity is resolved in the Plaintiffs' favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

In sum, GM has failed to meet its burden to show that, pursuant to TEX. CIV. PRAC. & REM. CODE § 82.003(b), Chapter 2301 of the Occupations Code provides no reasonable basis for rendering inapplicable the liability limitations found in TEX. CIV. PRAC. & REM. CODE § 82.003(a). Plaintiffs have stated a claim against Mac Haik because it is a franchised dealership and not subject to the limitations of TEX. CIV. PRAC. & REM. CODE § 82.003(a).

## D. PLAINTIFFS HAVE ALLEGED CLAIMS AGAINST MAC HAIK BASED ON ITS BEING A MANUFACTURER OF THE TAHOE.

Plaintiffs' Original Petition avers that Mac Haik is a manufacturer:

> At all times relevant to this Petition, Defendant Mac Haik was in the business of selling and distributing automobiles, including the 2002 Tahoe. Defendant Mac Haik performed dealer preparations and certifications for vehicles before selling them, and charged for those preparations and certifications. Thus Defendant Mac Haik is a "manufacturer" as defined by TEX. CIV. PRAC. & REM. CODE § 82.001(4).

Plaintiff's Original Petition ¶ 9.3.

The general rule of seller non-liability under TEX. CIV. PRAC. & REM. CODE § 82.002(a) which is the sole basis for GM's claim of improper joinder applies only to "[a] seller that did not manufacture a product." A "manufacturer" means "a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, ***compounder, processor, or assembler*** of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce." TEX. CIV. PRAC.

& REM. CODE § 82.001(4) (emphasis added).   Because Plaintiffs allege that Mac Haik can be considered a manufacturer due to its action in preparing and certifying its vehicles, the seller non-liability rule does not apply.

GM's Notice of Removal does not mention, much less dispute, the Plaintiffs' allegations that Mac Haik is a manufacturer.  Again, GM has failed to meet its burden to negate a reasonable basis for predicting that the Plaintiffs have valid claims against Mac Haik.

**E. PLAINTIFFS HAVE ASSERTED A VALID CLAIM FOR NEGLIGENCE AGAINST MAC HAIK.**

Plaintiffs' have a cause of action for negligence against Mac Haik.  The Original Petition states:

10.1   Plaintiffs adopt by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Petition as if fully copied and set forth at length herein.

10.2   Plaintiffs hereby adopt and re-allege Count One through Count Four of this Petition as if fully copied and set forth at length therein.

10.3   At all times relevant to this Petition, Defendant Mac Haik was in the business of selling and distributing automobiles, including the 2002 Tahoe. Defendant Mac Haik is thus the "seller" of the 2002 Tahoe within the meaning of Section 82.001(3) of the Texas Civil Practice and Remedies Code.

10.4   Defendant Mac Haik is liable for harm caused to the Plaintiffs because Defendant Mac Haik knew of the defects in the 2002 Tahoe, as listed above, at the time Defendant Mac Haik supplied the product to Plaintiffs.

10.5   The above alleged negligent acts or omissions were in whole or in part a direct and proximate cause of the injuries to Plaintiffs and the damages suffered by Plaintiffs and the damages alleged herein.

Plaintiffs have properly alleged a negligence cause of action against Mac Haik based upon the factual allegations of the Original Petition, all of which are incorporated into the negligence section, and based upon all of the defects which were part of the Tahoe when Mac Haik sold the vehicle.  Plaintiffs allegation that Mac Haik committed negligence in selling the 2002 Tahoe with defects of which it was aware and which caused Mrs. Watkins' injuries is a viable cause of action for which Plaintiffs are entitled to pursue.  GM does not dispute these allegations.

Mac Haik's alleged participation triggers TEX. CIV. PRAC. & REM. CODE § 82.003(a)(1) and removes Mac Haik from TEX. CIV. PRAC. & REM. CODE § 82.003(a)'s statutory shield to common law liability.  Because the Plaintiffs have properly pled that Mac Haik knew of the defects of the Tahoe at the time of sale, Mac Haik fits into exception TEX. CIV. PRAC. & REM. CODE § 82.003(a)(6) and can assert not only the product liability claims, but also the negligence claims against Mac Haik.

## VII.   CONCLUSION

Resolving all reasonable doubts against fraudulent joinder, the Plaintiffs' allegations show that it has alleged valid and viable causes of action against Mac Haik for strict liability and negligence.  Firstly, Mac Haik is not entitled to the shield to common law liability because Plaintiffs have alleged it knew of the defects to the vehicle at the time of the sale.  Secondly, Mac Haik is a franchised dealer of automobiles thus is subject to TEX. OCCUPATIONS CODE § 2301.   Thirdly, Mac Haik can be considered a manufacturer of the Tahoe.  Finally, Plaintiffs have asserted claims for negligence against Mac Haik which GM has failed to refute.  Plaintiffs thus request that the Court grant their

22

motion and remand this case to the County Court of Harris County, Texas, from which it was improperly removed, and grant Plaintiffs all other proper relief for what they are entitled.

Respectfully submitted,

HOUSSIERE, DURANT & HOUSSIERE, LLP

By:     /s/Neeley Morgan
        Charles R. Houssiere, III
        Texas Bar No. 10050700
        Neeley G. Morgan
        Texas Bar No. 24070299
        1990 Post Oak Boulevard, Suite 800
        Houston, TX  77056-3812
        (713) 626-3700
        (713) 626-3709 (facsimile)
        choussi@hdhtex.com
        nmorgan@hdhtex.com

ATTORNEYS FOR PLAINTIFFS

## Certificate of Service

I hereby certify that the above Plaintiffs' Memorandum in Support of Motion to

Remand has been sent via the Court's ECF system to opposing counsel on July 6, 2011 at

the following address:

David M. Prichard
dprichard@phmy.com
Anthony A. Avey
tavey@phmy.com
PRICHARD, HAWKINS, MCFARLAND & YOUNG, LLP
10101 Reunion Place, Suite 600
San Antonio, TX 78216
210-447-7450 fax

Henry L. Robertson
hrobertson@hlrlaw.com
LAW OFFICE OF HENRY L. ROBERTSON
8323 Southwest Fwy, Suite 605
Houston, TX 77074
713-271-5522 fax

/s/Neeley Morgan<br>Neeley Morgan