UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA WATKINS, and<br>JOHNNY WATKINS,<br>　　　Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware<br>limited liability company; MAC HAIK<br>CHEVROLET, LTD., a Texas limited<br>partnership,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:11-cv-02106 |

## DEFENDANT GENERAL MOTORS LLC'S
## MEMORANDUM OF LAW
## IN RESPONSE TO MOTION TO REMAND

Anthony A. Avey
Jeremy R. Sloan
PRICHARD HAWKINS McFARLAND
　& YOUNG, LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 – Telephone
(210) 477-7450 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**GENERAL MOTORS LLC**

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................................ iii

    Cases ................................................................................................................................ iii
    Statutes ............................................................................................................................ iv
    Regulations ...................................................................................................................... iv

I.     Short Statement of the Nature and State of Proceeding ........................................................ 1

II.    Statement of Issues ........................................................................................................... 2

III.   Summary of the Argument ............................................................................................... 3

IV.   Background ...................................................................................................................... 4

V.    Standard of Review ......................................................................................................... 5

    A.    Improper Joinder Exsists in this Case Because There is No Reasonable
          Basis to Predict That Plaintiff Might Be Able to Recover Against Mac Haik ................. 5

    B.    Methodology for Determining Reasonable Basis for Recovery ...................................... 6

         1.    Specific Fact Allegations are Necessary Under a 12(b)(6)-Type Inquiry. ................. 6

         2.    Under Certain Circumstances, the Court May Pierce the Pleadings and
             Conduct a Summary Inquiry. ................................................................................. 7

VI.   Argument ........................................................................................................................ 8

    A.    Under a Rule 12(b)(6)-Type Analysis, Mac Haik Is Not Liable Because Plaintiffs
          Do Not Plead a Valid Claim or Facts Establishing Actual Knowledge of a Defect ........ 8

         1.    Plaintiffs Do Not Plead that Mac Haik is Subject to an Exception
             Under Section 82.003(a). ....................................................................................... 8

         2.    None of Plaintiffs' Legal Theories Are Valid. ........................................................ 9

             a.    Mac Haik is not a manufacturer. ................................................................. 10
             b.    The Occupations Code is not relevant to Plaintiffs' claims. ......................... 11
             c.    Mack Haik cannot be found liable under the Transportation Code. ...... 12

3.      Plaintiffs Do Not Allege Actual Knowledge of a Defect to the Subject Vehicle.14

      a.      In their claim for strict product liability, Plaintiffs do not plead that Mac Haik had actual knowledge of any defect at the time in supplied the product. ........................................................................................................... 14

      b.      Plaintiffs' generalized and conclusory allegations are not enough to establish actual knowledge of a defect under Section 82.003(a)(6). .......... 15

B.      Even If The Court Pierces the Pleadings and Conducts a Summary Inquiry, Plaintiffs Have No Reasonable Expectation of Prevailing Against Mac Haik. ................................... 18

      1.      The Evidence Shows Mac Haik Did Not Have Actual Knowledge of Any Defect at the Time it Supplied the Subject Vehicle. .................................... 18

      2.      The Cases Plaintiffs Rely on are Plainly Distinguishable from this Case. ............. 20

C.      Plaintiffs' Have No Reasonable Expectation of Succeeding in Their Negligence Claim Against Mac Haik. ................................................................................................................ 23

VII.      Conclusion and Prayer ...................................................................................................... 24

## TABLE OF AUTHORITIES

### CASES

*Badon v. RJR Nabisco, Inc.*, 236 F.3d 282 (5th Cir. 2000)..................................................................2, 6

*Brewer v. Porsche Cars N. Am., Inc.*, Civ. Action No. 3:04-CV-2343-M, 2005 U.S. Dist. LEXIS 1759
    (N.D. Tex. Feb. 7, 2005).............................................................................................................22

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)..........................................7, 16

*Cortez v. Gen. Motors Corp.*, Civ. Action No. L-06-124, 2007 U.S. Dist. LEXIS 6892
    (S.D. Tex. Jan. 29, 2007).............................................................................................................16

*Dennis v. Giles Group, Inc.*, No. 04-07-00280-CV, 2008 WL 183062
    (Tex.App.—San Antonio Jan. 23, 2008, no pet.) (mem. op.).............................................................11

*Engelbrecht v. Daimlerchrysler Corp.*, Civ.Act. No. G-06-CV-800, 2007 U.S. Dist. LEXIS
    24815 (S.D. Tex. Apr. 2, 2007)..................................................................................................21

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)..............................................................................................8

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993).......................................................7

*Figueroa v. General Motors Corporation*, No. EP-07-CV-0297-PRM, 2008 U.S. Dist. LEXIS
    93934 (W.D. Tex. Apr. 8, 2008)..................................................................................................12

*Garcia v. Nissan Motor Co., Ltd.*, Civ. Act. No. M-05-59, 2006 U.S. Dist. LEXIS
    20165 (S.D. Tex. Mar. 30, 2006)..................................................................12, 17, 19, 20, 22, 23

*Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400 (5th Cir. 2004)..............................2, 6

*Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999)..................................................................10, 14

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992)..............................................................................7

*Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661 (Tex. 1999).................................................................24

*In re Yamaha Motor Corp. Rhino ATV Products Liability Litigation*, No. 3:09-MD-2016-JBC,
    2009 WL 939279 (W.D. Ky. Apr. 6, 2009)..................................................................................18, 23

*Mawer v. Daimlerchrysler Corp.*, Civ.Act. No. C-06-154, 2006 WL 2405030 (S.D. Tex. Aug. 10, 2006)............23

*Rape v. Medtronic, Inc.*, Civ. Action No. 9:04-CV-225, 2005 U.S. Dist. LEXIS
44206 (E.D. Tex. Jan. 11, 2005)..................................................................................21

*Rios v. City of Del Rio*, 444 F.3d 417 (5th Cir. 2006.) ................................... 6, 7, 16, 18, 21

*Rubin v. Daimlerchrysler Corp.*, CIV. A. H044021, 2005 WL 1214605
(S.D. Tex. May 20, 2005) ...................................................................... 12, 15, 16, 21

*Salazar v. Merck & Co.*, No. Civ.A. 05-445, 2005 WL 1040886 (S.D. Tex. Nov. 2, 2005) ...............................21

*Shirey v. Louisville & N. R. Co.*, 327 F.2d 549 (5th Cir. 1964) ...........................................8

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir.2004)
(*en banc*), *cert. denied*, 544 U.S. 992 (2005) ------------------------------------ 2, 6, 8, 22

*Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476 (S.D. Tex. 2008)...............................8

*Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) ..........................................................2, 5, 6

*U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375 (5th Cir. 2003)...........................7, 16

<h2 align="center">STATUTES</h2>

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ....................................... 6, 8, 16, 18,

TEX. CIV. PRAC & REM. CODE . § 82.001(2) ................................................................2, 23

TEX. CIV. PRAC. & REM. CODE § 82.001(3) ....................................................................9

TEX. CIV. PRAC. & REM. CODE § 82.001(4) .................................................................10, 11

TEX. CIV. PRAC. & REM. CODE § 82.002(d) ................................................................ 11

TEX. CIV. PRAC & REM. CODE. § 82.003 ............................................. 7, 10, 15, 21, 22, 23

TEX. CIV. PRAC. & REM. CODE § 82.003(a) .........................................3, 7, 8, 9, 10, 11, 14

TEX. CIV. PRAC. & REM. CODE § 82.003(a)(6) ...........................2, 3, 14, 15, 16, 17, 18, 20, 21, 22

TEX. CIV. PRAC. & REM. CODE § 82.003(b) ................................................................11, 12

TEX. CIV. PRAC. & REM. CODE § 82.008(a) ................................................................ 17

TEX OCC. CODE, CHAPTER 2301 ...........................................................................11, 12

TEX OCC. CODE § 2301.461 ........................................................................... 12

TEX. TRANSP. CODE ANN. § 547.608 .................................................................12, 13

<h2 align="center">REGULATIONS</h2>

Federal Motor Vehicle Safety Standard 205 ..................................................................17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA WATKINS, and | § | |
| JOHNNY WATKINS, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-02106 |
| | § | |
| GENERAL MOTORS LLC, a Delaware | § | |
| limited liability company; MAC HAIK | § | |
| CHEVROLET, LTD., a Texas limited | § | |
| partnership, | § | |
| Defendants. | § | |

## DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF LAW IN RESPONSE TO MOTION TO REMAND

TO THE HON. NANCY F. ATLAS:

Comes now Defendant General Motors LLC ("GM-LLC") and files this Memorandum of Law in Response to Plaintiffs' Memorandum in Support of Motion to Remand. In support of this Response, GM-LLC shows as follows:

## I.
### SHORT STATEMENT OF THE NATURE AND STATE OF PROCEEDING

This case arises from the rollover of a 2002 Chevrolet Tahoe ("Subject Vehicle") and resulting injuries alleged to have been suffered by Virginia Watkins. On April 27, 2011, Plaintiffs filed suit against GM-LLC, an out-of-state defendant, as well as Mac Haik Chevrolet ("Mac Haik"), a Texas dealership. GM-LLC answered on June 6, 2011, and removed the case on June 7, 2011, arguing that Mac Haik is an improperly joined defendant that should be disregarded for purposes of jurisdiction. Plaintiffs filed a Motion to Remand on July 6, 2011, and GM LLC now brings this response to Plaintiffs' motion ("Response").

## II.
### STATEMENT OF ISSUES

The ultimate issue to be resolved is whether Mac Haik is an improperly joined party, named in the lawsuit for the sole purpose of defeating diversity jurisdiction and preventing removal. A finding of fraudulent joinder occurs when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)) (emphasis added). Contrary to the standard cited by Plaintiffs, "a removing defendant need not demonstrate an absence of *any possibility* of recovery in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original); *Smallwood* at 591, n. 9 ("A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."), quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4. (5th Cir. 2000).

The subsidiary issue that will largely determine the Court's resolution of the above question is whether Plaintiffs stated a valid claim against Mac Haik, even though:

(1)   This is a products liability action and Plaintiffs did not plead an exception to the statutory immunity from liability provided to nonmanufacturing sellers (TEX. CIV. PRAC. & REM. CODE §§ 82.001(2) and 82.003(a));

(2)   Plaintiffs did not plead knowledge of a defect in their strict product liability claim so as to support an exception under section 82.003(a)(6) (TEX. CIV. PRAC. & REM. CODE § 82.003(a)(6), requiring a plaintiff to prove the seller "actually knew" of a defect);

(3)   Plaintiffs plead generalized and conclusory allegations that lack sufficient specificity to establish actual knowledge (*id.*); and

(4)    Plaintiffs have no evidence to controvert specific evidence presented by GM-LLC that Mac Haik had no actual knowledge of a defect (*id.*).

## III.
### SUMMARY OF THE ARGUMENT

Plaintiffs cannot prevail on their claim for strict product liability because they do not plead any exception under section 82.003(a), even though that is the only theory under Texas law by which an innocent seller such as Mac Haik can be found liable.  Plaintiffs attempt to establish liability through three novel theories, all of which are legally invalid.   Plaintiffs obliquely assert a statutory exception under section 82.003(a)(6) (seller's actual knowledge of defect) in their motion, (not raised in their Original Petition), but do not present specific facts showing that Mac Haik had actual knowledge of a defect.  Moreover, although the foregoing is sufficient for the Court to deny Plaintiffs' Motion to Remand, GM-LLC has also produced specific evidence establishing that Mac Haik had no knowledge of any defect.

Plaintiffs also cannot prevail on their claim for negligence, because that claim is derivative of the strict product liability claim.

In summary, the Court can have no reasonable expectation that Plaintiffs would prevail against Mac Haik in state court.   Therefore, Mac Haik is an improperly joined Defendant, and removal is appropriate.

## IV.
### BACKGROUND

GM-LLC has removed this case, asserting that Mac Haik is an innocent seller with no knowledge of any defect in the Subject Vehicle.  Although Mac Haik has possessed and sold the Subject Vehicle on two occasions, it never sold the vehicle to either of the Plaintiffs.  Affidavit of Terry R. Shields ("Shields Aff.") at ¶ 10, attached hereto as Exhibit "A".  In fact,

Mac Haik has never done business with or sold any vehicle to Virginia or Johnny Watkins. *Id.* Mac Haik last sold the Subject Vehicle in 2007 to a gentleman named Alfred J. Hluchan. *Id.* at ¶ 11. Title was issued to Mr. Hluchan on May 17, 2007, after which Mac Haik had no further involvement with the Subject Vehicle. *Id.* Because Mac Haik never dealt with Plaintiffs in any capacity, it never made any factual representations to either of the Plaintiffs. *Id.* at ¶ 10.

At no time prior to the sale of the Subject Vehicle to Mr. Hluchan was Mac Haik actually aware of any defect to the Subject Vehicle, nor was Mac Haik aware of any aspect of the Subject Vehicle that would render it unsafe or unreasonably dangerous. *Id.* at ¶ 6.

Mac Haik does not design, manufacture or test vehicles, nor was it involved in any way with the design, manufacture, assembly or testing of the Subject Vehicle. *Id.* at ¶ 12. Mac Haik does not crash test vehicles that it sells, nor does it test components of its vehicles for compliance with Federal Motor Vehicle Safety Standards. *Id.* at ¶ 8. Apart from a simple test drive of vehicles it intends to sell, Mac Haik is not involved in vehicle testing. *Id.* Moreover, Mac Haik Chevrolet does not maintain a staff of mechanical engineers, test engineers or product designers, and has never had any professional licensed engineers on its staff. *Id.* at ¶ 7. Therefore, Mac Haik would have no basis for drawing an engineering conclusion as to whether a vehicle or a particular component of any vehicle, including the Subject Vehicle, is defective.

Mac Haik purchases vehicles in substantially their final form, and only performs routine preparation and delivery procedures as required by the manufacture. *Id.* at ¶ 13. Mac Haik does not install additional products onto vehicles it intends to sell, except in

certain limited circumstances.  *Id.*  With respect to the Subject Vehicle, Mac Haik Chevrolet only installed running boards, and made no other alteration or modification of the Subject Vehicle or installation of additional product onto the Subject Vehicle from the time it first acquired the Subject Vehicle in 2001 until selling it in May 2007.  *Id.* at ¶ 14.  Mac Haik did not assemble or compound any part of the Subject Vehicle.  *Id.* at ¶ 15.

Mac Haik has never been sued in relation to any defect in any 2002 Chevrolet Tahoe or similar vehicle.  *Id.* at ¶ 9.

## V.
## STANDARD OF REVIEW

**A.      Improper Joinder Exists in This Case Because There is No Reasonable Basis to Predict That Plaintiffs Might Be Able to Recover Against Mac Haik**

In their motion, Plaintiffs assert that to prevail on a claim of improper joinder, a court will remand if it finds even a "possibility" that the plaintiff might prevail on the merits of its claim.  Motion to Remand at 6, 8.  Stated differently, Plaintiffs contend that a defendant must be forced to prove that there is "no possibility of recovery by the plaintiff against an in-state defendant."  Motion to Remand at 9, 15.  This language is derived from outdated case law, *and is incorrect*.  *Travis*, 326 F.3d at 647-48.  To erase confusion, the Fifth Circuit rejected the Plaintiffs' statement of the standard for remand, replacing it with a reasonableness standard:

> [The] test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is <u>no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.   To reduce the possible confusion, *we adopt this phrasing* of the required proof and reject all others, whether the others appear to describe the same standard or not.</u>

*Smallwood*, 385 F.3d at 573 (citing *Travis* 326 F.3d at 646-47) (emphasis added).   Any

reference to a standard based on "no possibility" is simply wrong.[1]  As further explained by

the Fifth Circuit:

> "[A] removing defendant need not demonstrate an absence of *any possibility* of
> recovery in state court . . . the defendant must demonstrate only that there is
> *no reasonable basis* for predicting that the plaintiff will recover in state court."

*Gray ex rel. Rudd*, 390 F.3d at 405 (emphasis in original).  *See also, Smallwood* at 591, n. 9 ("A

'mere theoretical possibility of recovery under local law' will not preclude a finding of

improper joinder."), quoting *Badon,* 236 F.3d at 286 n. 4..  Thus, removal based on improper

joinder is warranted when the removing party shows there is no reasonable basis for

recovery.

**B.**   **Methodology for Determining Reasonable Basis for Recovery**

The Fifth Circuit has outlined two methods available to the district courts in deciding

whether there is no reasonable basis for recovery: (1) the court may conduct a Rule 12(b)(6)-

type analysis looking initially at the allegations of the complaint to determine whether the

complaint alleges a claim under state law against the in-state defendant; or (2) after

examining the pleadings, the court may determine it is appropriate to pierce the pleadings

and conduct a summary inquiry.  *Smallwood*, 385 F.3d at 573-74; *Travis*, 326 F.3d at 647.

**1.**     **Specific Fact Allegations are Necessary Under a 12(b)(6)-Type Inquiry.**

In *Rios,* the Fifth Circuit reiterated the proper standard for evaluating Rule 12(b)(6)

motions.  *Rios*, 444 F.3d 417, 420-21 (5th Cir. 2006.)  According to *Rios*, the pleadings must

contain either <u>direct allegations on every material point</u> necessary to sustain a recovery or

---

[1] Plaintiffs  briefly reference the correct standard on page 9 of their Motion, but then do not actually use that
standard in their arguments.  Further, Plaintiffs do not set forth the correct standard in their Statement of Issues.

else <u>contain allegations</u> from which an inference may be fairly drawn that sufficient evidence will be introduced at trial.  *Id.* at 420-21 (5th Cir. 2006).  Conclusory allegations or legal allegations masquerading as factual conclusions will not suffice.  *Id.* at 421 (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).  Thus, the Fifth Circuit has consistently held that conclusory allegations and unwarranted deductions of fact are not admitted as true for purposes of ruling on a 12(b)(6) motion.  *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 379 (5th Cir. 2003); *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, <u>a plaintiff must plead specific facts, not mere conclusory allegations</u>.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (emphasis added).

Under the first prong for improper joinder, the Court must determine whether Plaintiffs pled ***specific facts*** sufficient to support a statutory exception under Section 82.003 of the Texas Civil Practice and Remedies Code to impose liability against Mac Haik as a non-manufacturing seller.  Because Plaintiffs omitted such facts in their Original Petition, there is ***no reasonable basis*** for predicting that Plaintiffs will recover from Mac Haik in state court, and Defendant's removal based on improper joinder was justified.[2]

### 2.    Under Certain Circumstances, the Court May Pierce the Pleadings and Conduct a Summary Inquiry.

Even assuming a plaintiff states a claim under Section 82.003(a), if a defendant alleges the plaintiff omitted or misstated discrete facts that would determine the propriety of

---

[2] Plus, as discussed further below, Plaintiffs do not plead Section 82.003 at all.  In other words, Plaintiffs neither appeal to the correct substantive law ***nor*** provide facts to support a claim under such law.

joinder, the Court can still conduct a summary inquiry that pierces the pleadings. *Smallwood*, 385 F.3d at 573-74; *Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 478-49 (S.D. Tex. 2008).

Through this inquiry, the Court can consider "summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* Applying this inquiry, the evidence conclusively shows that Mac Haik had no actual knowledge of any defect in the subject vehicle at the time it supplied it, and therefore is not liable under Section 82.003(a).

## VI.
### ARGUMENT

**A.** **Under a Rule 12(b)(6)-Type Analysis, Mac Haik Is Not Liable Because Plaintiffs Do Not Plead a Valid Claim or Facts Establishing Actual Knowledge of a Defect**

**1.** **Plaintiffs Do Not Plead that Mac Haik Is Subject to an Exception under Section 82.003(a).**

As set forth in GM-LLC's Notice of Removal, Plaintiffs' strict product liability claim against Mac Haik is governed by Chapter 82 of the Texas Civil Practice and Remedies Code.[3] Chapter 82 provides that "[a] seller that did not manufacture a product *is not liable* for harm caused to the claimant by that product unless the claimant proves ...." one of the exceptions enumerated in that section. TEX. CIV. PRAC & REM. CODE. § 82.003(a) (emphasis added). A "seller" under Chapter 82 is broadly defined to include:

---

[3] When, as here, a federal court's jurisdiction is predicated upon the diversity of citizenship of the parties, the federal court must apply the substantive law of the state in which it is sitting. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Shirey v. Louisville & N. R. Co.*, 327 F.2d 549 (5th Cir. 1964).

. . . a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof.

TEX. CIV. PRAC. & REM. CODE § 82.001(3).

Clearly, defendant Mac Haik is a "seller" under the statute and, as such, is only liable for placing a product in the stream of commerce under the following legislatively limited exceptions:

(1)   The seller participated in the design of the product;

(2)   The seller altered the product in such a way as to cause the damages;

(3)   The seller installed or assembled the product incorrectly causing the damage;

(4)   The seller controlled the content of deficient warnings and the harm resulted from the deficient warnings;

(5)   The seller made false factual representations or warranties about the product and the injury would not have occurred had the representation been true;

(6)   The seller "actually" knew of a defect to product at the time the seller supplied the product and the claimant's harm resulted from the defect; or,

(7)   The manufacturer is either insolvent or not subject to the court's jurisdiction.

TEX. CIV. PRAC. & REM. CODE § 82.003(a).

However, **Plaintiffs do not plead any of the exceptions** in their Original Petition. Nor is any statutory exception listed as a basis for opposing removal in their Summary of the Argument.  Motion to Remand at 7.  Nor does Count Four of Plaintiffs' Original Petition, regarding strict product liability, allege that Mac Haik had actual knowledge of any defect in the Subject Vehicle at the time it supplied the product.  Therefore, Plaintiffs fail to plead the only valid theory for asserting liability against Mac Haik.

**2.      None of Plaintiffs' Legal Theories Are Valid.**

Texas law is clear that, absent one of the enumerated exceptions, "[a] seller that did

not manufacture a product is not liable for harm caused to the claimant." TEX. CIV. PRAC. & REM. CODE, § 82.003(a). Yet, apparently in an attempt to get around section 82.003, Plaintiffs set forth three novel theories. All three theories are based on a faulty understanding of the law and, therefore, must fail.

### a. Mac Haik is not a manufacturer.

Plaintiffs assert that because Mac Haik performed dealer "preparations and certifications," Mac Haik is a "manufacturer". Plaintiffs are mistaken.[4] The Code defines a "manufacturer" as

> a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce.

TEX. CIV. PRAC. & REM. CODE § 82.001(4). The terms "preparation" or "certification" do not appear in this definition. Nor do Plaintiffs provide any authority suggesting that the legislature intended for those roles to be included in the duties of a "manufacturer". Plaintiffs do not even explain what they mean by these terms, or what activities Mac Haik supposedly engaged in that would constitute "preparation" or "certification".

In their motion, Plaintiffs, without explanation, emphasize the words "compounder, processor, or assembler" from the statutory definition of a manufacturer. Motion to Remand at 20. But Plaintiffs are not entitled to raise entirely new theories in their motion. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999) (holding that post-removal

---

[4] Plaintiffs nowhere explain why they wish to assert Mac Haik is a manufacturer. Presumably, they are attempting to hold Mac Haik strictly liable for the thirteen defects listed on pages 6-7 of their Original Petition and pages 10-11 of their Motion to Remand.

filings may not be considered "to the extent that they present new … theories not raised in the controlling petition filed in state court").

Regardless, Plaintiffs' argument fails for two reasons.  First, Mac Haik did not compound, process, or assemble any component on the subject vehicle.  Shields Aff. at ¶¶ 13, 14, 15.  Second, even if Mac Haik did perform some assembly (which it did not), that would not help Plaintiffs, because

> a wholesale distributor or retail seller who completely or partially assembles a product in accordance with the manufacturer's instructions **shall be considered a seller**.

TEX. CIV. PRAC. & REM. CODE § 82.002(d) (emphasis added).  *See also Dennis v. Giles Group, Inc.*, No. 04-07-00280-CV, 2008 WL 183062 at *4-5 (Tex.App.—San Antonio Jan. 23, 2008, no pet.) (mem. op.) (seller who assembled a stool according to manufacturer's instruction was not a manufacturer as defined in section 82.001(4)).  *Mac Haik is not a manufacturer of vehicles.*  Under no stretch of the imagination is Mac Haik anything other than a simple seller.  As such, Mac Haik cannot be liable under this theory.

**b.     The Occupations Code is not relevant to Plaintiffs' claims.**

Plaintiffs next attempt to bypass section 82.003(a) by asserting that Mac Haik, as a franchised dealer, is subject to the exception set forth in section 82.003(b) for sellers "whose liability in a products liability action is governed by Chapter 2301, Occupations Code." TEX. CIV. PRAC. & REM. CODE § 82.003(b).  However, Plaintiffs make no effort to show why Mac Haik should be liable under this exception.

Indeed, Plaintiffs' tactic has been tried by other plaintiffs, and has been rejected by the courts every time.  As explained by one court, the relevant section of the Occupations

Code **does not even deal with liability** between a franchised automobile dealer and its

customers:

> Plaintiff argues that the Local Defendant's liability is governed by Chapter
> 2301 of the Texas Occupations Code …. Plaintiff's argument that the
> Legislature chose to single out otherwise innocent franchised automobile
> dealers for strict liability for selling defective automobiles is unpersuasive.
> The plain reading of the relevant statutes does not support Plaintiff's argument.
> The Court agrees with [Defendant] that nothing in § 2301.461 purports to
> govern the liability of a franchised automobile dealer to a retail customer. This
> section merely governs the liability of a manufacturer or distributor to a
> franchise dealer.

*Garcia v. Nissan Motor Co., Ltd.*, Civ. Act. No. M-05-59, 2006 U.S. Dist. LEXIS 20165, *18

(S.D. Tex. Mar. 30, 2006). *See also Figueroa v. General Motors Corporation*, No. EP-07-CV-0297-

PRM, 2008 U.S. Dist. LEXIS 93934 at *16 (W.D. Tex. Apr. 8, 2008) (same, quoting *Garcia*).[5]

Another court further explained that the provisions cited by Plaintiffs **do not give

rise to a tort claim**:

> The Texas Occupations Code governs a "products liability action" to the
> extent that a plaintiff seeks to enforce a seller's warranty obligations. The
> exception in section 82.003(b) recognizes that an owner of a defective vehicle
> has a claim for statutory damages for defects covered by an express warranty
> agreement…. The Code does not provide a tort cause of action for a plaintiff
> injured by a motor vehicle.

*Rubin v. Daimlerchrysler Corp.*, CIV. A. H044021, 2005 WL 1214605 at *11 (S.D. Tex. May 20,

2005).  Thus, there can be no question that Mac Haik is not liable under the Occupations

Code, and this theory of Plaintiffs must also fail.

      c.     **Mac Haik cannot be found liable under the Transportation Code.**

Lastly, Plaintiffs assert that Mac Haik violated section 547.608 of the Texas

---

[5] The *Figueroa* cite is to a magistrate's opinion which was subsequently adopted by the court, as reported in 2008 WL 4372700.

Transportation Code. That section states, in relevant part:

> (a)  Except as provided by Subsection (b), a person who sells or registers a **new** passenger-type motor vehicle, including a passenger bus and school bus, shall equip the vehicle doors, windows, and windshield with safety glazing material of a type approved by the department.
>
> ****
>
> (c)  A person may not **replace** or require the replacement of glass in a door, window, or windshield of any motor vehicle if the replacement is not made with safety glazing material.
>
> ****
>
> (e)   A person who sells imperfect safety glass **for** a door, window, or windshield of a motor vehicle shall:
>
>> (1)  label the glass **"second," "imperfect,"** or by a similar term in red letters at least one inch in size to indicate to the consumer the quality of the glass;
>>
>> (2)  orally notify the consumer of each imperfection and the possible result of using imperfect glass; and
>>
>> (3)   deliver written notice at the time of purchase notifying the consumer of each imperfection and the possible result of using imperfect glass.

TEX. TRANSP. CODE ANN. § 547.608 (emphasis added).[6] Once again, Plaintiffs do not cite any cases or present any argument for their assertion that the Transportation Code has a bearing on this case. By its own clear terms, the above provision is irrelevant, as is obvious by looking at the words in bold font. Subparagraph (a) pertains to the sale of *new* vehicles. Subparagraph (c) pertains to the *replacement* of glass. And subparagraph (e), upon which Plaintiffs focus (Motion to Remand at 12), obviously refers to the separate sale of glass to a customer *for* installation of "a door, window, or windshield". Moreover, the use of words like "second" and "imperfect" in subparagraph (e)(1) make clear that the provision refers to the sale of reused glass or glass containing specific flaws. Thus, Plaintiffs' conjuring of the

---

[6] The text of Subparagraphs (b) and (d) is omitted because they pertain only to trucks and campers.

Transportation Code has no bearing on Mac Haik's alleged liability. Nothing in the Transportation Code suggests it controls the clear statutory scheme set forth in Section 82.

In summary, none of the three legal theories pled by Plaintiffs is valid. Therefore, there is no reasonable basis to predict that Plaintiffs can recover from Mac Haik in state court. Accordingly, removal is appropriate and this Court should deny Plaintiffs' motion.

### 3. Plaintiffs Do Not Allege Actual Knowledge of a Defect to the Subject Vehicle.

#### a. In their claim for strict product liability, Plaintiffs do not plead that Mac Haik had actual knowledge of any defect at the time it supplied the product.

Plaintiffs did not plead any exception under section 82.003(a). Apparently realizing the significance of their omission, Plaintiffs obliquely slip a discussion of section 82.003(a)(6) into page 14 of their Motion to Remand, and then spend four pages citing cases that allegedly support liability under that section. Motion to Remand at 14-18. However, *Plaintiffs are precluded from making that argument.* As explained above, Plaintiffs are not allowed now to present a new theory in order to defeat removal. *See Griggs v. State Farm Lloyds*, 181 F.3d at 700.

To establish liability under section 82.003(a)(6), Plaintiffs must show that Mac Haik "actually knew" of a defect in the Subject Vehicle at the time it supplied the product. But in their strict product liability claim (Count Four), **Plaintiffs do not assert that Mac Haik had actual knowledge of a defect at the time it supplied the product**. Plaintiffs make a generalized statement *in their next claim* (for Negligence) that Mac Haik knew of the "defects" (plural), vaguely referring to the list of defects from their Count One against GM-LLC. But that is not sufficient to shore up Plaintiffs' fatal pleading defect. Because Plaintiffs fail to

assert liability under section 82.003 <u>and</u> also fail to assert actual knowledge of a defect in conjunction with their products liability claim against Mac Haik, Plaintiffs cannot recover against Mac Haik, and removal is appropriate.

> **b.    Plaintiffs' generalized and conclusory allegations are not enough to establish actual knowledge of a defect under section 82.003(a)(6).**

As mentioned above, Plaintiffs try to shore up their pleading shortcomings by slyly introducing section 82.003(a)(6) on page 14 of their Motion to Remand.  But even if the Court decides (a) to consider Plaintiffs' back-door introduction of section 82.003(a)(6), and (b) to credit to Count *Four* Plaintiffs' assertion in Count *Five* that Mac Haik knew of "defects," this would still be insufficient to establish liability, because of the generalized and conclusory nature of Plaintiffs' allegation.

In Count Five, Plaintiffs vaguely assert that "Mac Haik knew of the defects in the 2002 Tahoe, *as listed above.*"  Plaintiffs' Original Petition at 13.  The expression "as listed above" presumably refers to Plaintiffs' list of thirteen possible defects in their Count One for strict product liability *against GM-LLC.*  Plaintiffs provide no hint in their pleadings as to what the specific defects might be that Mac Haik was supposedly aware of.  In effect, Plaintiffs are asserting that Mac Haik **"should have known"** that the Subject Vehicle's window contained a defect at the time it supplied the product.  But this is not the correct standard, because section 82.003(a)(6) requires Plaintiffs to show that Mac Haik "actually knew" of a defect.  For example, in *Rubin v. DaimlerChrysler Corp.*, Civ. Action No. H-04-4021, 2005 U.S. Dist. LEXIS 42102 (S.D. Tex. May 20, 2005), the plaintiff alleged a dealership had actual knowledge of a defect, because it should have known about the defect

based on product recalls.  *Id.* at *17-18.  Denying the plaintiff's motion to remand, the district court found that Section 82.003(a)(6) requires "actual knowledge" of a defect and not what a seller should have known.  *Id.* at *19.

The kind of conclusory allegations and unwarranted deductions of fact asserted by Plaintiffs are insufficient to establish liability.  *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (When applying the Rule 12(b)(6) analysis in evaluating claims of improper joinder, "conclusory allegations or legal allegations masquerading as factual allegations will not suffice. . . ."); *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 379; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, <u>a plaintiff must plead specific facts, not mere conclusory allegations</u>.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (emphasis added); *Cortez v. Gen. Motors Corp.,* Civ. Action No. L-06-124, 2007 U.S. Dist. LEXIS 6892 at *6-7 (S.D. Tex. Jan. 29, 2007) (when the court could not discern from the pleadings how the in-state dealership was related to the plaintiffs' cause of action other than through conclusory allegations, it explained that the court "is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint.").

Perhaps trying to obscure their lack of specificity, Plaintiffs give as an "example" Mac Haik's supposed knowledge of a tempered glass defect in the Subject Vehicle.  Motion to Remand at 12.  But Plaintiffs' discussion of tempered glass is not raised in conjunction with their discussion of section 82.003(a)(6) (which does not begin until page 14), but rather, in support of their failed Transportation Code theory, discussed earlier in this Response. Importantly, <u>Plaintiffs concede</u> that the glass on the Subject Vehicle complied with Federal

Motor Vehicle Safety Standard 205.   Motion to Remand at 13, first sentence.   Thus, Plaintiffs are attempting to hold Mac Haik liable for the manufacturer's alleged failure to use a certain kind of glazing material, even though it is approved by federal regulations.[7]

A similar situation to the current case arose in *Garcia v. Nissan Motor Co., Ltd.*, 2006 U.S. Dist. LEXIS 20165.   In *Garcia*, the plaintiffs alleged the local defendant "actually knew of defects in the 2002 Altima at the time it supplied the [sic] product; *it knew that the vehicle lacked electronic stability control and a side-curtain airbag.*"   *Id.* at *11 (emphasis in original). Despite asserting actual knowledge, Judge Crane, denying the plaintiffs' motion to remand, found the plaintiffs failed to properly allege that the non-diverse defendant had actual knowledge of a defect.   *Id.* at *12.

Particularly important in *Garcia* was the judge's ruling that "**a product is not defective merely because it could be safer**."   *Id.* at *11-12 (emphasis added).   Judge Crane explained that even though the seller "knew the vehicle lacked side-curtain airbags and electronic stability control, Plaintiffs failed to show that Local Defendant knew these features rendered the vehicle defective."   *Id.* at *11.   Thus, even if Mac Haik knew that the subject vehicle did not contain laminated glass, that does not establish knowledge of a defect.   "Were the Court to accept Plaintiffs' reasoning, a nonmanufacturing seller such as a car dealership would be strictly liable anytime technology existed to make the product safer, without any further showing."   *Id.* at *11.

The District Court handling nationwide Yamaha Rhino multi-district litigation reached the same conclusion when dealing with a similar issue under section 82.003(a)(6).   *In*

---

[7] This is especially ludicrous given that even the manufacturer is presumed not liable under these circumstances. TEX. CIV. PRAC. & REM. CODE § 82.008(a).

*re Yamaha Motor Corp. Rhino ATV Products Liability Litigation*, No. 3:09-MD-2016-JBC, 2009 WL 939279 (W.D. Ky. Apr. 6, 2009). In *Yamaha*, plaintiffs alleged that a dealer was liable for making a factual misrepresentation by stating that the Rhino being sold was "safer than a four wheeler," which the judge agreed amounted to a statement that the product was not defective. *Id.* at 3-4. Nevertheless, the judge dismissed the cause of action against the seller, explaining that "[h]olding a seller responsible for having stated that a product is without defect, when a plaintiff later proved that it is defective, would negate the general exclusion of non-manufacturing sellers from liability for injuries resulting from defective products provided by the Texas statute." *Id.* at 4 (applying Texas law).

With respect to Section 82.003(a)(6), Plaintiffs failed to provide "direct allegations on every material point" to sustain a recovery under this section. *Rios*, 444 F.3d at 420-21. Plaintiffs never alleged any fact suggesting Mac Haik "actually knew" of a defect when it supplied the Subject Vehicle. Plaintiffs' conclusory allegations will not serve as adequate substitute and, accordingly, their petition fails to state a claim under 82.003(a)(6) and precludes any recovery against Mac Haik.[8]

**B.  Even if the Court Pierces the Pleadings and Conducts a Summary Inquiry, Plaintiffs Have No Reasonable Expectation of Prevailing Against Mac Haik**

**1.  The Evidence Shows Mac Haik Did Not Have Actual Knowledge of any Defect at the Time it Supplied the Subject Vehicle.**

Because Plaintiffs have pled neither a valid legal theory nor specific facts sufficient to survive a 12(b)(6) type inquiry, there is no need for the Court to examine specific evidence in

---

[8] Plaintiffs' suggest that GM-LLC might assert that Plaintiffs' defective glass allegation has preempted by federal law. Motion to Remand at 13. GM-LLC makes no such assertion, because the question of preemption and the *O'Hara* case cited by Plaintiffs are irrelevant to the issue of GM-LLC's removal.

this case.  However, in the event the Court decides that it wishes to pierce the pleadings and conduct a summary inquiry, it may consider the affidavit of Terry Shields, Director of Dealer Operations for Mac Haik, submitted by GM-LLC in support of its Response.  As recently as one month ago, the Southern District reiterated that "a simple affidavit by the innocent retailer could show that the innocent retailer, in fact, did not manufacture or design the product at issue…" *Garcia v. LG Electronics USA Inc.*, Civil Action No. B-11-61, 2011 WL 2517141 at *4, 6 (S.D. Tex.  June 23, 2011) (slip copy) (uncontroverted affidavit based on personal knowledge and outlining facts showing that defendant was not involved in design or manufacture of product sufficient to establish the defendant was an innocent seller).

The evidence provided in Shield's affidavit conclusively shows that Mac Haik had no actual knowledge of any defect in the Subject Vehicle.  In his affidavit, Mr. Shields averred, among other things:

- Mac Haik never sold the Subject Vehicle to Virginia or Johnny Watkins, never did any business with Virginia or Johnny Watkins, and never made any factual representations to Virginia or Johnny Watkins.  Shields Aff. at ¶¶ 10, 11.

- At no time was Mac Haik aware of any defect to the Subject Vehicle, nor was Mac Haik aware of any aspect of the Subject Vehicle that would render it unsafe or unreasonably dangerous.  *Id.* at ¶ 6.

- Mac Haik does not design, manufacture or test vehicles, nor was it involved in any way with the design, manufacture, assembly or testing of the Subject Vehicle. Moreover, Mac Haik has never had any professional licensed engineers on its staff.  *Id.* at ¶¶ 7, 8, 12.

- Mac Haik only installed running boards on the Subject Vehicle, and made no other alteration or modification of the Subject Vehicle or installation of additional product onto the Subject Vehicle.  Mac Haik did not assemble or compound any part of the Subject Vehicle.  *Id.* at ¶¶ 14, 15.

- Mac Haik has never been sued in relation to any defect in any 2002 Chevrolet Tahoe or similar vehicle.  *Id.* at ¶ 9.

Plaintiffs will be unable to offer any contrary evidence contravening the above specific factual statements, because no such evidence exists.

This evidence is sufficient to preclude remand as shown by the decision in *Garcia v. Nissan Motor*. Analogous to the current case, the *Garcia* plaintiffs alleged the local defendant "actually knew of defects in the 2002 Altima at the time it supplied the [sic] product; *it knew that the vehicle lacked electronic stability control and a side-curtain airbag*." *Garcia v. Nissan Motor*, 2006 U.S. Dist. LEXIS 20165 at *11 (emphasis added). In support of removal, the defendants included an affidavit from an officer of the dealership, the local defendant, establishing it did not have actual knowledge of the alleged defect in the subject vehicle. *Id.* at *12-13. Because the plaintiff in *Garcia* was unable to produce evidence controverting the affidavit, the Court rejected the plaintiff's arguments and denied his motion to remand. *Id.* at *16.

*Garcia* plainly demonstrates that when a petition misstates facts related to a seller's actual knowledge of the alleged defect, the district court may conduct a summary inquiry in which it considers evidence on this discrete issue. If the evidence shows the seller did not have actual knowledge of the defect, and the evidence is uncontroverted, then the plaintiff has no reasonable expectation of recovery against the seller and removal is appropriate. The evidence in this case shows Plaintiffs cannot establish that Mac Haik knew of a defect. Therefore, removal is appropriate, and the Court should deny Plaintiffs' Motion to Remand.

### 2.    The Cases Plaintiffs Rely on are Plainly Distinguishable from this Case.

Plaintiffs cite a series of cases supposedly supporting their remand request. Motion to Remand at 14-18. These cases all purport to support liability under 82.003(a)(6), a provision that Plaintiffs do not assert in their Original Petition. Nevertheless, in the event

the Court decides to consider these cases, GM-LLC points out that the cases are distinguishable from the instant case and, therefore, do not serve as a basis for remand.

Three of the cases cited by Plaintiffs (Motion to Remand at 14-15) are distinguishable, because they do not deal with summary judgment-type evidence at all, but were decided on the pleadings alone. *See Rape v. Medtronic, Inc.*, Civ. Action No. 9:04-CV-225, 2005 U.S. Dist. LEXIS 44206 at *3, 5 (E.D. Tex. Jan. 11, 2005); *Salazar v. Merck & Co.*, No. Civ.A. 05-445, 2005 WL 1040886 at *2 (S.D. Tex. Nov. 2, 2005); *Engelbrecht v. Daimlerchrysler Corp.*, Civ.Act. No. G-06-CV-800, 2007 U.S. Dist. LEXIS 24815 at *7 (S.D. Tex. Apr. 2, 2007). No mention is made in any of these cases of an affidavit by a defendant. Moreover, all three of these cases ignored the proper standard for removal by holding that the plaintiffs stated a claim even though the pleadings merely alleged that the seller "knew or *should have known*" of the allegedly dangerous condition. *See Rape*, 2005 U.S. Dist. LEXIS 44206 at *5; *Salazar*, 2005 WL 1040886 at *3; *Engelbrecht*, 2007 U.S. Dist. LEXIS 24815 at *6-7. Section 82.003 requires Plaintiffs to prove that "the seller **actually** knew of a defect." Tex. Civ. Prac. & Rem. Code 82.003(a)(6) (emphasis added). *See also Rubin v. DaimlerChrysler Corp.*, 2005 U.S. Dist. LEXIS 42102 at *19 ("liability cannot be based on an allegation that a seller *should have known* of a defect in a product") (emphasis added); *Rios*, 444 F.3d at 421 (dismissal is proper "if the complaint lacks an allegation regarding a <u>required element</u> necessary to obtain relief") (emphasis added). Therefore, *Rape*, *Salazar* and *Engelbrecht* are distinguishable on the facts *and* wrongly decided, and Plaintiffs' reliance on those cases is misplaced.

In further support of their position that a generalized allegation of knowledge of a defect is sufficient to defeat removal, Plaintiffs offer the cases of *Brewer v. Porsche Cars N.*

*Am., Inc.*, Civ. Action No. 3:04-CV-2343-M, 2005 U.S. Dist. LEXIS 1759 (N.D. Tex. Feb. 7, 2005), and *Reynolds v. Ford Motor Co.*, Civ.Act. No. 5:04-CV-085-C, 2004 U.S. Dist. LEXIS 27106 (N.D. Tex. Dec. 13, 2004).  Motion to Remand at 15.  These cases are also distinguishable, because in both cases, the plaintiff presented *specific* facts giving rise to an inference that the non-diverse defendant possessed knowledge about the alleged defect.  In *Brewer*, Plaintiffs pled facts showing <u>actual</u> knowledge of a defect, including that "Defendants' inspectors verbally informed Brewer that the incident was caused by a design defect."  *Brewer* at *2.  Because the plaintiffs pled specific facts showing actual knowledge, the requirements of section 82.003(a)(6) were satisfied.  *Id.* at *6.

Similarly, *Reynolds* involved competing affidavits that were submitted on the issue of the seller's knowledge.  *Reynolds* at *9.  If anything, *Reynolds* supports Mac Haik's position, because the judge in *Reynolds* pointed out that "[s]ection 82.003 makes no reference to what a seller should have known or foreseen.  [citation]  Rather, it only refers to what a seller actually knew."  *Id.* at *7-8.  This distinction was carefully explained in *Garcia v. Nissan Motor*:

> In *Reynolds*, … <u>The district court remanded the case back to state court</u> <u>because there was competing evidence</u> that the local defendant had actual knowledge that the vehicle was prone to roll over.  The Court could not conduct a *Smallwood* inquiry as there were disputed facts of material importance and the Court is not permitted to pre-try these disputed facts.  Accordingly, remand was required.
>
> <u>The Court does not find Plaintiff's arguments compelling.  In the present case,</u> <u>Plaintiff has not produced any evidence to controvert the affidavits of Local</u> <u>Defendant averring that it had no actual knowledge of a defect in the product</u> <u>at the time it supplied the product.</u> … Even viewed in a light most favorable to the Plaintiff, Plaintiff has failed to carry its burden as to the applicability of 82.003(a)(6).  Therefore, the Court finds that Plaintiff has no reasonable expectation of recovery against [the local defendant] pursuant to 82.003(a)(6).

*Garcia v. Nissan Motor*, 2006 U.S. Dist. LEXIS 20165 at *15-17 (emphasis added).

Finally, Plaintiffs place a great deal of stock in the case of *Mawer v. Daimlerchrysler Corp.*, Civ.Act. No. C-06-154, 2006 WL 2405030 (S.D. Tex. Aug. 10, 2006).   Motion to Remand at 14, 16-18.   In *Mawer*, defendants provided an affidavit containing the bare statement that the seller "did not actually know of any defect" in the relevant vehicle.   The court found the affidavit to be conclusory and insufficient to counter the plaintiff's allegation in his petition that the dealership has knowledge of a defect.   Clearly, *Mawer* is different than the present case, because the affidavit provided by GM-LLC alleges specific facts showing that Mac Haik is not a manufacturer and did not know of any defect.

In short, Plaintiffs' cited cases do not absolve them of their failure to allege specific facts showing Mac Haik had actual knowledge of a defect in the Subject Vehicle.

**C.   <u>Plaintiffs' Have No Reasonable Expectation of Succeeding in Their Negligence Claim Against Mac Haik</u>**

Because Plaintiffs cannot succeed on their products liability claims against Mac Haik, neither can they succeed with their claim for negligence.   It is well established that "a products liability action in Texas includes a negligence action, so long as the underlying action stems from personal injuries caused by a defective product …." *In re Yamaha Motor Corp. Rhino ATV Products Liab. Litig.*, 3:09-MD-2016-JBC, 2009 WL 939279 (W.D. Ky. Apr. 6, 2009).   That is because the limitations of Chapter 82 apply to all product liability claims whether "based in strict liability, negligence, misrepresentation, breach of express or implied warranty, <u>or any other theory or combination of theories</u>." TEX. CIV. PRAC. & REM. CODE § 82.001(2) (emphasis added).   *See also Garcia v. Nissan Motor*, 2006 U.S. Dist. LEXIS 20165 at *20 (any theories of recovery against a non-manufacturing seller must fall within one of the seven exceptions to § 82.003, regardless of whether such allegations otherwise state a viable

claim under Texas law. [Citations.]"); *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999) ("Liability for personal injuries caused by a product's defective design can be imposed under several legal theories, among them negligence, breach of warranty, and strict products liability. The requisite proof for recovery on a design defect claim was prescribed by statute in 1993 and made the same for any legal theory asserted.").

Because Plaintiffs have no reasonable basis for establishing a products liability claim against Mac Haik, they also have no reasonable basis for prevailing on their negligence claim. Moreover, Plaintiffs have alleged no facts that would establish any breach of duty by Mac Haik to Plaintiffs. In short, Plaintiffs have alleged no facts and no theory supporting a negligence claim against Mac Haik, and Plaintiffs have no reasonable basis to expect that they can succeed with such a claim. Therefore, Mac Haik is an improperly joined party.

## VII.
## CONCLUSION AND PRAYER

For all of the reasons set forth above, the Court can have no reasonable expectation that Plaintiffs would prevail against Mac Haik. Therefore, Mac Haik is an improperly joined Defendant, and Plaintiffs' Motion to Remand should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant General Motors LLC respectively prays that the Court deny Plaintiffs' Motion to Remand. General Motors LLC further respectively prays for such further relief to which it may show itself justly entitled to either in law or equity.

Respectfully submitted,

_____

Anthony A. Avey
State Bar No. 00790250

(210) 477-7414 – Direct Line
tavey@phmy.com

Jeremy R. Sloan
State Bar No. 24054995
(210) 477-7405 – Direct Line
jsloan@phmy.com

PRICHARD HAWKINS McFARLAND
  & YOUNG, LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 – Telephone
(210) 477-7450 – Facsimile

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing document has been forwarded by ***certified mail/return receipt requested,*** on this ____27th____ day of July 2011 to:

Charles R. Houssiere, III
Neeley G. Morgan
HOUSSIERE, DURANT & HOUSSIERE, L.L.P.
1990 Post Oak Boulevard, Suite 800
Houston, Texas 77056-3812
***Attorneys for Plaintiffs***

Henry L. Robertson
LAW OFFICE OF HENRY L. ROBERTSON
8323 Southwest Freeway, Suite 605
Houston, Texas 77074
***Attorney for Defendant
Mac Haik Chevrolet, Ltd.***

_____
ANTHONY A. AVEY
JEREMY R. SLOAN