# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA WATKINS, and JOHNNY | § | |
| WATKINS, | § | |
|     Plaintiffs. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2106 |
| | § | |
| GENERAL MOTORS, LLC, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion to Remand [Doc. # 5], to which Defendant General Motors LLC ("GM") filed a Response in Opposition [Doc. # 6], and Plaintiffs replied [Doc. # 7]. Having considered the full record and the applicable legal authorities, the Court concludes that it lacks subject matter jurisdiction over this dispute and **grants** the Motion to Remand.

## I.    FACTUAL BACKGROUND

Plaintiff Virginia Watkins was injured in the rollover of a 2002 Chevrolet Tahoe and subsequently filed suit against Defendant General Motors LLC ("GM") and Defendant Mac Haik Chevrolet ("Mac Haik"). Plaintiffs filed this case in Texas state court on April 11, 2011. In their Original Petition [Doc. # 1-4], Plaintiffs assert claims of strict product liability, negligence, and *res ipsa loquitor* against Defendant GM.

*Id.* They also assert claims of strict product liability and negligence against Defendant Mac Haik. *Id.* It is undisputed that GM is a citizen of Delaware and Mac Haik is a citizen of Texas for purposes of diversity jurisdiction. Plaintiffs are Texas citizens.

On June 7, 2011, Defendant GM removed this case alleging that Defendant Mac Haik had been improperly joined for the sole purpose of defeating diversity jurisdiction [Doc. # 1]. Plaintiffs filed the instant Motion to Remand [Doc. # 5] contending Plaintiffs had asserted "valid and viable claims for strict liability and negligence against Mac Haik" under Texas law. *Id.* The Motion to Remand has been fully briefed and is now ripe for decision.

## II.   <u>LEGAL STANDARDS</u>

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at

377), *accord Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008). *See also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

GM asserts that Mac Haik was improperly joined and that, as a result, the Court should disregard Mac Haik's Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiffs' pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir.

2007). Generally, if the plaintiff could survive a Rule 12(b)(6) challenge, joinder is not improper. *See Smallwood*, 385 F.3d at 573. In conducting a Rule 12(b)(6)-type analysis, "we must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371-372 (5th Cir. 2008). The Court will resolve "all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch*, 491 F.3d at 281 (5th Cir. 2007).

## III.   ANALYSIS

GM argues that both Plaintiffs' strict liability and negligence claims against Mac Haik are barred entirely by Section 82.003 of the Texas Civil Practice and Remedies Code which generally ensures non-manufacturing sellers immunity from liability with select exceptions. Section 82.003(a) states that "a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" that one of the enumerated exceptions applies. Plaintiffs counter that they have pleaded Mac Haik's knowledge of the alleged defect(s) in the vehicle at the time of sale and thus, that their claim properly falls under the exception found in Section 82.003(a)(6). This exception provides that a non-manufacturing seller may be held liable if "(A) the seller actually knew of a defect to the product at

the time the seller supplied the product; and (B) the claimant's harm resulted from the defect." TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(6) (West 2011).

In their Original Petition, Plaintiffs allege in pertinent part:

10.4   Defendant Mac Haik is liable for harm caused to the Plaintiffs because Defendant Mac Haik knew of the defects in the 2002 Tahoe, as listed above, at the time Defendant Mac Haik supplied the product to Plaintiffs.

10.5   The above alleged negligent acts or omissions were in whole or in part a direct and proximate cause of the injuries to Plaintiffs and the damages suffered by Plaintiffs and the damages alleged herein.

Plaintiff's Original Petition [Doc. # 1-4], ¶¶ 10.4-10.5.

GM argues that Plaintiffs have not adequately pleaded Mac Haik's knowledge because the allegation appears only within the section of Plaintiffs' complaint articulating the negligence claim.  Because Plaintiffs did not formally plead Mac Haik's knowledge in conjunction with their strict liability claim, GM argues that the Court cannot consider that allegation for purposes of improper joinder analysis.  The Court is not persuaded.  As previously noted, in considering remand motions, the Court construes plaintiffs' pleadings liberally. *Elsensohn*, 530 F.3d 368, 371-372 (5th Cir. 2008).  The Court must essentially do a Rule 12(b)(6) analysis. *See Smallwood*, 385 F.3d at 573.  In conducting a Rule 12(b)(6) analysis, the Court "must consider the complaint in its entirety . . . .'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007)).  In a Rule 12(b)(6) analysis, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). "[R]andom selection and rejection of portions of the pleadings to best serve the purpose [of the defendant] is not in keeping with the liberal intent of the Rules." *Banco Cont'l v. Curtiss Nat'l Bank of Miami*, 406 F.2d 510, 514 (5th Cir. 1969).  The United States Supreme Court has explained that in the Rule 12(b)(6) context, a court must accept as true all factual allegations in a complaint and a complaint survives a motion to dismiss if the complaint states a "plausible claim for relief."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]  Factual allegations are assumed to be true, even if doubtful in fact. *Twombly*, 550 U.S. at 555; *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008).

GM next argues that Plaintiffs' pleading on the issue of knowledge is insufficient to trigger the knowledge exception in Section 82.003(a)(6).  GM argues that Plaintiffs' pleading is too conclusory and only alleges that Mac Haik "should have known" about the alleged defect(s) in the vehicle under issue.  *See* GM's Response [Doc. # 6], at 15, 21.  To the contrary, Plaintiffs allege unambiguously that

---

[1]    The Supreme Court stated that a district court need not accept a complaint's legal conclusions as true, but this principle is not of concern here.

Mac Haik actually knew about the numerous defects alleged in their complaint. Indeed, Plaintiffs' pleadings contain all of the elements necessary for the exception in Section 82.003(a)(6) to apply.[2]  Other than in claims for fraud or mistake, federal pleading rules do not require specific factual allegations regarding knowledge.  *See* FED. R. CIV. P. 9(b), and *compare* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief").

These allegations, when viewed in the light most favorable to Plaintiffs, are sufficient to give rise to the possibility of Plaintiffs' recovery against Mac Haik under Section 82.003(a)(6).  *See, e.g., Reynolds v. Ford Motor Co.*, No. 04CV085-C, 2004 WL 2870079 (N.D. Tex. Dec. 13, 2004) (remanding the case after concluding that "a plaintiff's pleading that a dealership 'knew' or had 'full knowledge' of the alleged defect in the vehicle at the time of sale is sufficient when viewed in a light most favorable to the plaintiff"); *Mawer v. DaimlerChrysler Corp.*, No. C-06-154, 2006 WL 2405030 (S.D. Tex. Aug. 10, 2006) (holding that plaintiff's claim that the local dealership knew about the vehicle's defect at the time of sale was sufficient, despite competing evidence, to find that plaintiff had a possibility of recovery against the local dealership and remanding case); *Brewer v. Porsche Cars North America, Inc.,*

---

[2]     They specifically allege that Mac Haik had (1) actual knowledge of the defect(s), (2) at the time of sale, and that (3) those defects caused injury.

No. 3:04-CV-2343-M, 2005 WL 292417 (N.D. Tex., Feb. 7, 2005) (remanding case where plaintiffs alleged local defendant had actual knowledge of a defect in the car at the time of lease).

GM also asks the Court to pierce the pleadings and consider the affidavit of Terry Shields, Director of Dealer Operations for Mac Haik. Shields states in pertinent part that "at no time prior to sale of the Subject Vehicle was Mac Haik Chevrolet actually aware of any defect or alleged defect to the Subject Vehicle." Affidavit of Terry R. Shields [Doc. # 6-1], ¶ 6. This conclusory and self-serving averment is not dispositive. There are issues about the basis for Shields' purported knowledge, how he reaches his conclusion, and whether his views can be impeached by third party or other evidence. *See Mawer*, 2006 WL 2405030, at *2 ("However, because DaimerChrysler only provided a single, conclusory affidavit, the Court finds that it has failed to show that [local defendant's] knowledge of the defect at the time the Jeep was sold is a discrete and undisputed fact."). Moreover, in deciding a motion to remand, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. The Shields affidavit raises a fact issue that goes directly to the merits of this case. "The Fifth Circuit has held that a defense upon which fraudulent joinder is based that requires a determination of the merits should be disposed of by the state court." *Moore v. Ford Motor Co.*, No. 08-02092,

8

2008 WL 3981839, at *3 (S.D. Tex. Aug. 22, 2008) (quoting *Reynolds v. Ford Motor Co.*, No. 5:04-CV-085-C, 2004 WL 2870079, at *4 (N.D. Tex. Dec. 13, 2004) (citing *Smallwood*, 342 F.3d at 405)).  This circumstance indicates that remand is warranted. *Smallwood*, 385 F.3d at 574 ("[T]he inability to make the requisite decision [regarding an alleged improper joinder] in a summary manner itself points to an inability of the removing party to carry its burden.").  "The Court must not 'pre-try' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an instate defendant is fraudulent."  *Reynolds*, 2004 WL 2870079, at *2.  In sum, this early stage is not the time to resolve a central disputed fact in this case.  The question is merely whether there is a "possibility" of Plaintiffs' recovery.  *See Engelbecht v. DaimlerChrysler Corp.,* No. G–06–CV–800, 2007 WL 1040886, at *2 (S.D. Tex. Apr. 2, 2007) (quoting *Burden v. Gen'l Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).  Accordingly, the disputed factual issue of Mac Haik's knowledge is properly reserved to the state court.

Because Plaintiffs pleadings indicate they possibly could recover against Mac Haik under Texas state law, Mac Haik was not improperly joined.  As Mac Haik and Plaintiffs are both citizens of Texas, there is not complete diversity of citizenship in this case and this Court lacks subject matter jurisdiction.[3]

---

[3]     Plaintiffs also advance other exceptions to Section 82.003's bar against non-
(continued...)

IV.   **CONCLUSION AND ORDER**

Based on the foregoing, the Court concludes that GM has not satisfied its heavy burden to establish that Mac Haik was improperly joined as a Defendant in this case. As a result, the Court will not disregard Mac Haik's Texas citizenship and concludes there is not complete diversity in this case.  Accordingly, the Court lacks subject matter jurisdiction in this case and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 5] is **GRANTED.**

SIGNED at Houston, Texas, this 12th day of **August, 2011**.

Nancy F. Atlas
United States District Judge

---

[3](...continued)
manufacturing seller liability.  Because the Court finds that Plaintiffs properly pleaded the Section 82.003(a)(6) exception, Plaintiffs have shown a possibility of recovery against Mac Haik and the Court need not address these alternative theories.